

FILED
OCT 17 2012
Clerk, U. S. District Court
Eastern District of Tennessee
At Knoxville

UNITED STATES DISTRICT COURT
for the
Eastern DISTRICT OF Tennessee

James E. Clark and )
Lakeisha M. Clark, )
                           )
        Plaintiffs )
                           )
   v.                      )   Civil Action No. 3:12 – cv- 72
                           )   Phillips/Shirley
GS4 GOVERNMENT SOLUTIONS a/k/a )
WSI-OAK RIDGE, )
                           )
       Defendants

## RESPONSE TO MOTION FOR PROTECTIVE ORDER

The Plaintiff moves to dismiss the action because:

     Comes your Plaintiff, James E. Clark 134 Center Park Lane in Oak Ridge Tennessee, 37830 hereby moves the Court for entry to Objection of a Protective Order for the Defendant pursuant to Fed. R. Civ. P. 26 (c) (1).

The Plaintiff requests the Motion for Protective Order by the Defendant be denied. The Plaintiff James E. Clark submits that the information Plaintiffs seek is admissible, relevant, and reasonably calculated to lead to admissible evidence by Fed. R 412 (b) Exceptions (b) evidence of specific instances of sexual behavior by the alleged victim with respect to the person accused of the sexual misconduct offered by the accused to prove consent or the prosecution.

     The accuser Mary Patterson and Plaintiff James Clark were engaged in consensual sexual behavior on and off the job. Sexual conduct had taken place on the day in question before and after the time

1

in which Mary Patterson supposedly reported the incident. The instances were the night of the incident prior in the scheduling office at work, and in and about 2007 at the Bodybuilding Show on the University of Tennessee campus, in Knoxville Tennessee. In fact, Mary Patterson has since inquired in or about 2010 gaining employment with Plaintiffs current employer through a mutual friend and current co-worker of Plaintiffs. The employer WSI-OR also, intentionally failed to respond or reply to an Employee Concerns complaint filed by the Plaintiff James E. Clark related to this case, while still being employed by the employer WSI-OR in 2009. **(Exhibit A)**

This case has gone before a hearing officer with the Tennessee Department of Labor & Workforce Development. Conclusions of Law: The Appeals Tribunal holds that the Plaintiff James E. Clark was eligible for unemployment compensation benefits. The issue is whether the employer WSI-OR discharged the Plaintiff for misconduct connected with work under TCA. 50-7-303 (a) (2). Misconduct is a deliberate or willful violation of an employee's duties, insubordination, intentional violation of company rules, or conduct detrimental to the interest of the employer or his fellow workers. The burden of proving misconduct connected with work rests with the employer WSI –OR. The Appeals Tribunal holds that the evidence is not sufficient to establish misconduct as defined by the statue because the employer's testimony regarding the final incident was based solely on hearsay. The Plaintiff refuted the employer's testimony. The Appeals Tribunal further holds that more weight has to be given to the Plaintiff's first hand testimony than hearsay from the employer WSI-OR. The evidence fails to establish that the Plaintiff sexually harassed the employee Mary Patterson. The Plaintiff and the employee Mary Patterson engaged in a consensual relationship. The employer WSI-OR has not met its burden of proof in this case; therefore, the Plaintiff is eligible for benefits. Plaintiffs **(Exhibit B).**

Finally, Plaintiff James E. Clark request that this Objection to Motion be referred for denial to the Honorable C. Clifford Shirley, United States Magistrate Judge assigned to this case, pursuant to 28 U.S.C.636 (b)(1)(A) and the local rules of this Court so that this discovery issue may be fully and finally resolved. Additionally, Plaintiff objects to the hearsay Declaration of Priscilla Kingry, WSI Oak Ridge's Manager, Employee Relations, has filed as Defendants **Exhibit C** in support of the Motion can be reviewed as inadmissibility as well.

Respectfully submitted on this 17th day of October 2012.

James E. Clark
134 Center Park Lane
Oak Ridge, Tennessee 37830
865.621.7262

Pro Se

CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of October 2012, a copy of the foregoing Plaintiffs Response to Motion for Protective Order was filed in U.S. District Court for Eastern District of Tennessee. Notice of this filing will be sent to the Defendants attorney's. A true and correct copy of the foregoing was sent by U.S. mail to Defendants, postage prepaid and properly addressed to:

Edward G. Phillips
William J. Carver
Kramer Rayson LLP
Post Office Box 629
Knoxville, Tennessee 37901-0629
865.525.5134

# WSI-OR EMPLOYEE CONCERNS REPORT FORM

WSI-OR employees are encouraged to report concerns without fear of reprisal, retaliation, discrimination, harassment or retribution. If you have a concern to report, please complete this form and submit it to the Employee Relations Manager at the address below. You may also report your concern on the 24-Hour Open ine, 865-276-1467. Please provide the same information as requested on this form. After review, your concern may be referred to the appropriate Division/Department for investigation. If requested, anonymity and confidentiality will be maintained to the fullest extent possible. If you choose to remain anonymous, please pick a code word for identification if you wish to call later to discuss the final resolution of your concern. Your report should not contain classified information.

| Does your concern involve an immediate danger to employees, the environment, or the public? | Yes X | No | Unknown |
|---|---|---|---|

If yes, explain: Currently I am suspended from work without pay due to the concerns described below.

**Describe your concern:** Complaint: Retaliation by SPO Patterson, due to an encounter with Sgt Clark.
- False accusations
- Defamation of character
- Loss wages
- Mental anguish

escribe your suggested resolution:
- To immediately be placed back to work
- Apology from false accuser
- To immediately be made whole on all loss wages
- Suggest polygraph test on SPO Baird/Patterson and any other factitious witness

(Attach additional sheets as needed)

Concern Location: Y12 site building 9710-3

Identify individuals that may be contacted regarding your concern:
Will be given in a statement at a later time/date

My name may be revealed:   (X) Yes    ( ) No

Name (optional) or Code Word: ˋaptain James E. Clark

Date/Time: 9/11/09 1330 hrs.

WSI-OR-00 FORM 520-011
Revised: 05/05

*Exhibit A*

Address for Receiving Correspondence: | Telephone:
134 Center Park Lane, Oak Ridge, TN 37830  (purple5jc@comcast.net) | 865-482-3430

Return completed form to:  Employee Relations Manager, 161 Mitchell Road, Room 186

*Claimant SS #4135-7729*

WSI-OR-00 FORM 520-011
Revised: 05/05

TENNESSEE DEPARTMENT OF LABOR & WORKFORCE DEVELOPMENT
EMPLOYMENT SECURITY DIVISION
DECISION OF APPEALS TRIBUNAL

AVISO IMPORTANTE

DATE OF MAILING: 03/19/2010

DOCKET # 09-26083AA
OFFICE # 408
BYE 10/09/2010

CLAIMANT
JAMES E. CLARK
134 CENTER PARK LANE
OAK RIDGE TN 37830 0000

EMPLOYER
WACKENHUT SERVICES
ATTN: HUMAN RESOURCES
161 MITCHELL ROAD
OAK RIDGE TN 37830-0000

SSN XXX-XX-7729
865-621-7262

ER # 0113436
865-425-0346

On October 11, 2009, the claimant filed an initial claim for unemployment benefits. On November 20, 2009, the Agency found that the claimant was discharged under disqualifying conditions. In accordance with TCA § 50-7-303(a)(2), the claimant was disqualified from receiving benefits until he has earned ten times the weekly benefit amount in covered employment. On November 25, 2009, the claimant filed an appeal from the decision of the Agency to the Appeals Tribunal. After due notice to all interested parties, a hearing was scheduled on this case in Knoxville, TN, on February 17, 2010, at which time the claimant appeared. Lakeisha Clark, the claimant's wife and former co-worker, appeared. Attorney Jack Burgin presented the employer. Priscilla Kingry, Employee Relations Manager, and Gary Brandon, Director of Protective Forces, appeared on behalf of the employer. Brenda Curtis, Human Resources Director, observed. All parties were sworn. Testimony was not presented during the hearing.

The case was continued on March 17, 2009, at which time the claimant testified. Mrs. Clark testified on behalf of the claimant. Attorney Burgin represented the employer. Ms. Kingry and Mr. Brandon testified on behalf of the employer. Ms. Curtis observed.

After carefully considering the testimony and the entire record in the case, the Appeals Tribunal makes the following:

FINDINGS OF FACT: The claimant's most recent employment prior to filing this claim was with Wackenhut as a day captain from February 21, 1989 until October 6, 2009. The claimant was assigned to a post at the Y-12 nuclear plant. He was responsible for supervising the shifts.

On September 8, 2009, the claimant's wife had a verbal confrontation with an employee. The employee filed a complaint with the employer against the claimant's wife. The employee accused the claimant of sexual harassment when the complaint was filed. She indicated that the sexual harassment occurred in 2005 or 2006. The employer conducted an investigation.

On September 10, 2009, the claimant was summoned to a meeting with his superiors and a representative in human resources. The claimant was advised that he was accused of sexual harassment. He informed the employer that he and the employee had a consensual relationship. The claimant was suspended pending an investigation.

B-0952  Case 3:12-cv-00072-PLR-CCS  Document 15  Filed 10/17/12  Page 6 of 7  PageID #: 226

Exhibit B

On September 11, 2009, the claimant filed a counter complaint. He listed his concerns in the complaint. The employer did not respond to the claimant's counter complaint.

The employer interviewed several of the claimant's co-workers. The employer concluded that the claimant had sexually harassed the employee. The claimant was accused of seeking the employee out during working hours. He was accused of kissing the employee against her will in a supervisor's office. The investigation revealed that the employee had told a few of her co-workers that the claimant had sexually harassed her. The employee discussed the matter on or about the date the alleged incidents occurred.

On September 16, 2009, the claimant was summoned to a second meeting with his superiors. He was interviewed during the meeting. The claimant responded to the questions. On October 6, 2009, the claimant was advised that he was discharged for workplace harassment.

CONCLUSIONS OF LAW: The Appeals Tribunal holds that the claimant is eligible for unemployment compensation benefits. The issue is whether the employer discharged the claimant for misconduct connected with work under TCA § 50-7-303(a)(2). The Appeals Tribunal holds that the claimant is eligible for unemployment compensation benefits. The issue is whether the employer discharged the claimant for misconduct connected with work under TCA § 50-7-303(a)(2). Misconduct is a deliberate or a willful violation of an employee's duties, insubordination, intentional violation of company rules, or conduct detrimental to the interests of the employer or his fellow workers. The burden of proving misconduct connected with work rests with the employer. The Appeals Tribunal holds that the evidence is not sufficient to establish misconduct as defined by the statute because the employer's testimony regarding the final incident was based solely on hearsay. The claimant refuted the employer's testimony. The Appeals Tribunal further holds that more weight has to be given to the claimant's first hand testimony than hearsay from the employer. The evidence fails to establish that the claimant sexually harassed the employee. The claimant and the employee engaged in a consensual relationship. The employer has not met its burden of proof in this case; therefore, the claimant is eligible for benefits.

DECISION: The Agency Decision is reversed. The claimant is eligible for unemployment benefits.

BL :dlw                                        /s/ Barbara Ligon
                                               Unemployment Appeals Hearing Officer

Pursuant to the provisions of TCA § 50-7-304(c), this decision will become final on 04/03/2010 unless any interested party makes a written appeal to the Board of Review, Tenn. Dept of Labor and Workforce Development, 220 French Landing Dr., Nashville, TN 37243-1002 (Fax (615) 741-0290).
If the last day for filing falls on a weekend or holiday, the deadline extends to the next business day.
Please include the claimant's Social Security number on all correspondence.

Claimant is responsible for certifying his/her eligibility on a weekly basis as long as he/she is unemployed.

Este es un aviso importante relacionado con sus beneficios de desempleo.

IB-0952