UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JAMES E. CLARK and <br> LAKEISHA CLARK <br><br> Plaintiffs, <br><br> v. <br><br> GS4 GOVERNMENT SOLUTIONS, INC. <br> d/b/a WSI OAK RIDGE, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> )    No. 3:12-CV-72 <br> )    (REEVES/SHIRLEY) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

The Plaintiffs, who are proceeding *pro se*, have filed this suit alleging violation of Plaintiffs' rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., and local statutory and common law by the Defendant. [Doc. 2 at 1]. Now before the Court is Plaintiff James E. Clark's Motion for Appointment of Counsel. [Doc. 50].

The Court of Appeals for the Sixth Circuit has held that appointment of counsel in a civil case is not a constitutional right. Lavado v. Keohane, 992 F.2d 601, 605 (6th Cir. 1993). It is, instead, a privilege that is justified only by exceptional circumstances. Id. at 606. The appointment of counsel is not appropriate where "the chances of success are extremely slim." Id.

Following a review of the factual allegations in the Amended Complaint [Doc. 2], the District Court granted the Defendant's Motion for Summary Judgment. [Doc. 32]. Although the Plaintiff filed a Motion to Alter Judgment [Doc. 47], in which he alleges "newly discovered evidence" to support his claim, no new evidence has been produced by the Plaintiff to support

his claim. The Plaintiff's evidence does not appear to provide grounds for relief from the District Court's order granting summary judgment for the Defendant. Furthermore, the Plaintiff's Motion to Alter Judgment [Doc. 47] does not affect the finality of the District Court's judgment, which was entered on March 21, 2014 and became a final judgment after the period for appealing expired, see Fed. R. App. P. 4. In this case, the appointment of counsel would be inappropriate because without any new evidence to support the Plaintiff's claim, "the chances of success are extremely slim." Lavado v. Keohane, 992 F.2d at 606.

In support of Plaintiff's Motion for Appointment of Counsel [Doc. 50], the Plaintiff filed an *in forma pauperis* application. [Doc. 51]. An *in forma pauperis* application is completed by a party, who has limited financial resources, to request the Court to waive filing fees and similar costs of a lawsuit; however, this application does not give the party the right to appointment of counsel in a civil case. While the Court is sympathetic to the Plaintiff's lack of financial resources demonstrated through the *in forma pauperis* application, this condition is not exceptional, and the Plaintiff has been able to state his allegations in this matter without counsel.

Accordingly, the Court finds that no exceptional circumstances justifying the appointment of counsel have been presented in this case, and accordingly, the Plaintiff's Motion for Appointment of Counsel **[Doc. 50]** is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

　　　s/ C. Clifford Shirley, Jr.
United States Magistrate Judge