UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESEE
AT KNOXVILLE

| | |
|---|---|
| JAMES E. CLARK and </br>LAKEISHA CLARK </br></br>Plaintiffs, </br></br>v. </br></br>G4S GOVERNMENT SOLUTIONS, INC. </br>d/b/a WSI OAK RIDGE, </br></br>WSI Oak Ridge. | )</br>)</br>)</br>)</br>)</br>)  Case No.: 3:12-CV-72</br>)</br>)</br>)</br>)</br>) |

## MEMORANDUM AND ORDER

Plaintiffs James Clark and Lakeisha Clark, appearing *pro* se, have filed a motion to amend or alter judgment [R. 47], asking the court to vacate the entry of summary judgment in favor of Defendant. Plaintiffs have also filed an amended complaint with their motion [R. 48]. The court has carefully reviewed the pending motion, along with Defendant's response in opposition [R. 49], and the court's previous memorandum opinion [R. 44]. For the following reasons, Plaintiffs' motion will be denied, and their amended complaint dismissed.

Plaintiffs filed their initial complaint with this court on February 14, 2012 [R. 1]. Plaintiffs, who were married at the time of the initial complaint, alleged that their former employer, WSI Oak Ridge, violated Title VII of the Civil Rights Act of 1964.

1

Specifically, Plaintiffs alleged that they were discriminated against, and eventually fired, because of their race and gender.

WSI Oak Ridge filed a motion for summary judgment [R. 32] asserting that Plaintiff Lakeisha Clark was fired for making threating comments to a co-worker, and Plaintiff James Clark was fired for sexual harassment of employees under his supervision. WSI Oak Ridge maintained that neither race nor gender was a factor in either of the dismissals. The court found Defendant's motion for summary judgment to have merit, the motion was granted, and Plaintiffs' action was dismissed with prejudice [R. 45].

## Analysis

### A. Federal Rules of Civil Procedure 59 and 60

Plaintiffs cite Federal Rules of Civil Procedure 59 and 60 as the basis of their motion for new trial or amending the court's judgment. A motion for new trial, or to alter or amend judgment, is considered under Rule 59, which requires that the motion "must be filed no later than 28 days after the entry of the judgment." Fed.R.Civ.P. 59(e). The judgment dismissing Plaintiffs' action was entered on March 21, 2014. Plaintiffs' filed their motion on April 18, 2014, so the motion is timely under Rule 59(e). The court will next address the merits of Plaintiffs' motion under Rule 60.

Under Rule 60(b), a court may grant a party relief from a final judgment for any of the following reasons:

1. mistake, inadvertence, surprise, or excusable neglect;

2

2. newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

3. fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

4. the judgment is void;

5. the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

6. any other reason that justifies relief.

Fed.R.Civ.P. 60(b)(1-6).

Motions under Rules 59 and 60 are not "intended as a vehicle to re-litigate previously considered issues; should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence; and are not the proper vehicle to attempt to obtain a reversal of a judgment by offering the same arguments previously presented." *See Kenneth Henes Special Projects Procurement v. Cont'l Biomass Indus. Inc.*, 86 F.Supp.2d 721, 726 (E.D.Mich. 2000).

Plaintiffs must satisfy at least one of the enumerated factors within Rule 60(b) in order to achieve the redress they seek. In support of their instant motion, Plaintiffs have attached several documents that are intended to show "newly discovered evidence" that they contend "entitle [them] to relief from the Judgment."

The Plaintiffs' "newly discovered evidence" offered as support for their Rule 60(b)(2) motion is not "new" and their argument unpersuasive. Plaintiffs have filed several letters, as well as an affidavit. The Plaintiffs' first attachment is an April 18, 2014, Affidavit that outlines their general view of the case. The Affidavit is not new, and

3

has previously been relied upon by the Plaintiffs throughout the course of this litigation. *See* [R. 1-1, 2, 15, 17, 39].

Next, the Plaintiffs have attached an October 2009, letter from Plaintiff James Clark's former employer to Mr. Clark. The October 2009 date on the letter clearly evidences that this information is not new and could have previously been used by the Plaintiffs. Moreover, Plaintiff James Clark has had possession of this letter since 2009. Any decision to not previously present the letter in support of Plaintiffs' response to summary judgment was a decision solely made by the Plaintiffs.

Next, the Plaintiffs have attached an undated letter that Plaintiff James Clark sent to the Tennessee Department of Labor. Within the letter, Plaintiff James Clark references his filing of EEOC charges against WSI Oak Ridge. Those charges were filed in February of 2010. Moreover, throughout the letter numerous references are made to Plaintiff James Clark's 2009 dismissal from his former employer for sexual harassment. Consequently, this letter is not new.

Lastly, Plaintiffs have attached two additional letters, both dated February 22, 2010. The letters were written in support of Plaintiff James Clark's character by individuals familiar with Mr. Clark. Not only are these letters not new, as evidenced by their February 2010 dates, but they were referenced in WSI Oak Ridge's October 3, 2013, Appendix filed in support of its Motion for Summary Judgment. [R. 37-1 & Page ID # 427]. In sum, the court finds Plaintiffs have not offered any "newly discovered evidence" that would meet the Rule 60(b)(2) standard. Accordingly, Plaintiff's motion to amend judgment is **DENIED.**

### B. Federal Rule of Civil Procedure 15

Plaintiffs have also filed an amended complaint. Federal Rule of Civil Procedure 15 governs a party's ability to amend a complaint. Rule 15 states that a "party may amend its pleadings only with (1) the opposing party's written consent or (2) the court's leave." Fed.R.Civ.P. 15(a)(2). The Plaintiffs have failed to comply with either provision of Rule 15(a)(2).

Moreover, the Sixth Circuit has stated that "following entry of final judgment, a party may not seek to amend their complaint without first moving to alter, set aside, or vacate judgment pursuant to either Rule 59 or Rule 60 of the Federal Rules of Civil Procedure. *Morse v. McWhorter*, 290 F.3d 795, 799 (6th Cir. 2002). Because the court finds that Plaintiffs' motion to alter or amend judgment lacks merit, it will therefore deny plaintiffs' motion to amend the complaint. Accordingly, Plaintiffs' amended complaint will be **DISMISSED**.

### Conclusion

Having considered Plaintiffs' motion to alter or amend judgment, as well as Plaintiffs' amended complaint, the court finds that there are insufficient grounds to grant either request. Therefore, it is **ORDERED** that the Plaintiffs' motion to alter or amend judgment [R. 47] is **DENIED;** and Plaintiffs' amended complaint [R. 48] is **DISMISSED.**

Enter: _____
**UNITED STATES DISTRICT JUDGE**